**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

S. W., by and through his natural parent
Guardian Ad Litem Kathleen Koh-Wong,

               Plaintiff-counter-defendant -
Appellant,

  and

KATHLEEN KOH-WONG; WILLIAM
WONG,

               Counter-defendants -
Appellants,

  v.

GOVERNING BOARD OF EAST
WHITTIER CITY SCHOOL DISTRICT;
EAST WHITTIER CITY SCHOOL
DISTRICT,

               Defendants-counter-claimants
- Appellees,

_____,

CALIFORNIA OFFICE OF
ADMINISTRATIVE HEARINGS,

No. 11-55694

D.C. No. 2:09-cv-07437-ODW-SS

MEMORANDUM*

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

| Real-party-in-interest - |
| Defendant. |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 7, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, McKEOWN and M. SMITH, Circuit Judges.

S.W. appeals the district court's decision affirming a California Administrative Law Judge ("ALJ") decision denying all but one of his claims for relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in affirming the ALJ's evaluation of witness credibility. The ALJ, as the finder of fact, is best positioned to assess witness credibility, and her credibility-based determinations warrant deference. *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 889 (9th Cir. 2001) ("[C]redibility-based findings . . . deserve deference unless non-testimonial, extrinsic evidence in the record would justify a contrary

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conclusion or unless the record read in its entirety would compel a contrary conclusion.") (internal quotation marks omitted).  The record does not compel a contrary conclusion regarding credibility.  In a lengthy decision, the ALJ carefully considered each witness's testimony, and the district court did not err in deferring to her determination that the school district's experts were more persuasive than S.W.'s experts.

Second, the district court properly concluded that S.W.'s individualized education program ("IEP") was not substantively defective under the IDEA due to an insufficient statement of present levels of performance, a lack of appropriate annual goals, or a failure to offer a placement reasonably calculated to provide S.W. meaningful educational benefit in the least restrictive environment.  *See* 20 U.S.C. §§ 1401(9), 1401(14), 1412(a)(5), 1414(d)(1)(A)(i)(I), 1414(d)(1)(A)(i)(II); *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206–07 (1982) (holding that a state must develop an IEP through the IDEA's procedures that is "reasonably calculated to enable the child to receive educational benefits").  The IDEA does not require a state to maximize the potential of each handicapped child or to guarantee opportunities commensurate with those provided to non-handicapped children, but rather provides a "basic floor of opportunity" consisting of "access to specialized instruction and related services which are individually designed to provide

3

educational benefit to the handicapped child." *Rowley*, 458 U.S. at 201 (internal quotation marks omitted). The record supports the district court's conclusion that the IEP contained an adequate statement of S.W.'s present levels of performance, articulated appropriate annual goals, and was reasonably calculated to provide S.W. with educational benefit in the least restrictive environment.

Finally, the district court properly determined that the school district did not commit material procedural IDEA violations that deprived S.W. of a free and appropriate public education ("FAPE"). "Not every procedural violation . . . is sufficient to support a finding that the child in question was denied a FAPE." *Amanda J.*, 267 F.3d at 892. Only "procedural inadequacies that result in the loss of educational opportunity, or seriously infringe the parents' opportunity to participate in the IEP formulation process, or that cause[] a deprivation of educational benefits" are actionable. *Id.* (internal quotation marks omitted); 20 U.S.C. § 1415(f)(3)(E)(ii). The record supports the district court's conclusion that any procedural violations that occurred did not rise to this level.

**AFFIRMED.**